IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:21-cv-00160-M

| | |
|---|---|
| STEVEN R. WILLIAMSON and ALVIS G. SPEIGHT,<br><br>    Plaintiffs,<br><br>vs.<br><br>GERALD BAKER, SHERIFF OF WAKE COUNTY, in his official capacity,<br><br>    Defendant. | **DEFENDANT GERALD BAKER, SHERIFF OF WAKE COUNTY'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES** |

**NOW COMES** Defendant Gerald Baker, Sheriff of Wake County ("Baker" or "Defendant"), by and through his undersigned counsel, and answers Plaintiffs' Complaint ("Complaint") as follows:

## FIRST DEFENSE

Defendant responds to the individually enumerated allegations contained in Plaintiffs' Complaint as follows:

## INTRODUCTION

1.  The allegations contained in the third and fourth sentences of Paragraph 1 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent a response is required to these sentences, it is admitted that Plaintiffs allege retaliation and seek to recover for alleged violations of the law. It is expressly denied that Plaintiffs engaged in protected activity or that Defendant retaliated against Plaintiffs for any purported protected activity. It is further expressly denied that Defendant violated any laws and/or that Plaintiffs are entitled to any damages. The allegations contained in sentences one and two of Paragraph 1 of Plaintiffs'

Complaint are denied. Except as expressly admitted herein, the allegations in Paragraph 1 of the Complaint are denied.

## PARTIES

2. The allegations contained in Paragraph 2 of Plaintiffs' Complaint are admitted, upon information and belief.

3. The allegations contained in Paragraph 3 of Plaintiffs' Complaint are admitted, upon information and belief.

4. The allegations contained in Paragraph 4 of Plaintiffs' Complaint are admitted.

## JURISDICTION AND VENUE

5. The allegations contained in Paragraph 5 constitute jurisdictional statements and conclusions of law to which no response is required. It is denied that Plaintiffs state any cognizable claim under Title VII. It is admitted that this Court has federal jurisdiction over Plantiffs' claims. Except as expressly admitted herein, the allegations in Paragraph 5 of the Complaint are denied.

6. The allegations contained in Paragraph 6 of Plaintiffs' Complaint constitute jurisdictional statements and conclusions of law to which no response is required. It is denied that Plaintiffs state any cognizable claim under Title VII. It is further denied that Defendant engaged in any unlawful employment practices or that Plaintiffs would have remained employed by the Wake County Sheriff's Office as alleged. It is admitted that venue is proper in this Court. Except as expressly admitted herein, the allegations in Paragraph 6 of the Complaint are denied.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. It is admitted that each Plaintiff filed a Charge of Discrimination on or about February 5, 2019, and it is further admitted, upon information and belief that a Dismissal and

Notice of Rights was issued on or about January 7, 2021. Except as expressly admitted herein, the allegations in Paragraph 7 of the Complaint are denied.

## FACTUAL ALLEGATIONS

8. It is admitted, upon information and belief, that Williamson began working at Wake County Sheriff's Office ("WCSO"), in 2000. It is further admitted that as the time of Williamson's termination in December 2018, he held the position of Master Deputy Sheriff and worked in civil executions. Except as expressly admitted herein, the allegations in Paragraph 8 of Plaintiffs' Complaint are denied.

9. It is admitted, upon information and belief, that Speight began working at Wake County Sheriff's Office ("WCSO"), in 2001. It is further admitted that as the time of Speight's termination in December 2018, he held the position of Master Deputy Sheriff and worked in civil executions. Except as expressly admitted herein, the allegations in Paragraph 9 of Plaintiffs' Complaint are denied.

10. It is admitted that Sheriff Baker worked as a deputy sheriff with the WCSO from May 11, 1990 until his voluntary retirement in 2017. It is further admitted that Baker ran for the position of Wake County Sheriff and won the election in November 2018. Except as expressly admitted herein, the allegations contained in Paragraph 10 of Plaintiffs' Complaint are denied.

11. The allegations contained in Paragraph 11 of Plaintiffs' Complaint are admitted.

12. It is admitted that Teddy Patrick ("Patrick") began his employment with WCSO in January 2000. It is further admitted that Patrick retired from the WCSO in 2021. Except as expressly admitted herein, the allegations contained in Paragraph 12 of Plaintiffs' Complaint are denied.

13. It is admitted that Patrick held the rank of Lieutenant in 2017. It is further admitted that Patrick was a general instructor and a specialized trainer for hazmat and was occasionally assigned other training assignments as needed. Except as expressly admitted herein, the allegations contained in Paragraph 13 of Plaintiffs' Complaint are denied.

14. The allegations contained in Paragraph 14 of Plaintiffs' Complaint are admitted, upon information and belief.

15. It is admitted, upon information and belief, that Patrick was accused of having made inappropriate statements during this training session. Sheriff Baker was not personally in attendance at this training session, and therefore is without knowledge as to the exact statements made by Patrick or the context of such statements, except to the extent that statements purportedly made by Patrick have been summarized or paraphrased in personnel documents in the possession of the WCSO. Except as expressly admitted herein, the allegations contained in Paragraph 15 of Plaintiffs' Complaint are denied.

16. It is admitted, upon information and belief, that Patrick was accused of having made inappropriate statements during this training session. Sheriff Baker was not personally in attendance at this training session, and therefore is without knowledge as to the exact statements made by Patrick or the context of such statements, except to the extent that statements purportedly made by Patrick have been summarized or paraphrased in personnel documents in the possession of the WCSO. Except as expressly admitted herein, the allegations contained in Paragraph 16 of Plaintiffs' Complaint are denied.

17. It is admitted, upon information and belief, that Patrick was accused of having made inappropriate statements during this training session. It is further admitted, upon information and belief, that other employees of the WCSO expressed that they were

4

uncomfortable as a result of some comments made by Patrick. Defendant is without knowledge regarding the allegations contained in Paragraph 17 of the Complaint except to the extent that the personal feelings of individual employees are recorded in personnel documents in the possession of the WCSO. Except as expressly admitted herein, the allegations contained in Paragraph 17 of Plaintiffs' Complaint are denied.

18. It is admitted, upon information and belief, and based upon personnel records in the possession of the WCSO, that several employees were asked to provide statements regarding this training session. Except as expressly admitted herein, the allegations in Paragraph 18 of Plaintiffs' Complaint are denied.

19. Defendant is without knowledge sufficient to form a belief regarding the truth or falsity of the allegations contained in Paragraph 19 of the Complaint and thus cannot admit to the truth or falsity of the statements contained herein. The allegations contained in Paragraph 19 of Plaintiffs' Complaint are therefore denied.

20. It is admitted, upon information and belief, that Speight spoke with Richard Johnson ("Johnson") and others regarding Patrick's statements during the May 2017 training. Except as expressly admitted herein, the allegations contained in Paragraph 20 of Plaintiffs' Complaint are denied.

21. It is admitted, upon information and belief, that Donnie Harrison ("Harrison") spoke with Williamson about an incident during an in-service training session conducted by Patrick. It is further admitted upon information and belief that Harrison initiated an internal investigation. Except as expressly admitted herein, the allegations in Paragraph 21 of Plaintiffs' Complaint are denied.

22. It is admitted, upon information and belief, that an internal affairs investigation was conducted into the alleged conduct of Patrick. It is further admitted that numerous WCSO deputies provided written statements regarding the statements of Patrick during the in-service training. Except as expressly admitted herein, the allegations contained in Paragraph 22 of Plaintiffs' Complaint are denied.

23. The allegations contained in Paragraph 23 of Plaintiff's Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, it is denied, based upon information and belief, that Plaintiffs advocated for their personal belief that Patrick had engaged in unlawful discrimination through Patrick's conduct. Except as expressly admitted herein, the allegations contained in Paragraph 23 of Plaintiffs' Complaint are denied.

24. It is admitted, upon information and belief, that Harrison demoted Patrick to the position of Senior Investigator, which resulted in a loss of pay and removal of supervisory duties. Except as expressly admitted herein, the allegations in Paragraph 24 of Plaintiffs' Complaint are denied.

25. It is admitted, upon information and belief, that Johnson was present when Patrick received a copy of the Demotion Letter from Harrison. Except as expressly admitted herein, the allegations in Paragraph 25 of Plaintiffs' Complaint are denied.

26. It is admitted that Patrick filed an EEOC charge and that WCSO responded to the Charge. It is admitted that Patrick received a Dismissal and Notice of Rights from the EEOC. Except as expressly admitted herein, the allegations contained in Paragraph 26 of Plaintiffs' Complaint are denied.

27. The allegations contained in Paragraph 27 of Plaintiffs' Complaint are denied.

28. It is admitted that at one point prior to Sheriff Baker's retirement in 2017, Patrick was Sheriff Baker's supervisor. It is further admitted that Sheriff Baker, Patrick and other employees of the WCSO frequently ate lunch together. It is admitted that Sheriff Baker is a long-time member of a masonic lodge, and it is further admitted, upon information and belief, that at some point Patrick joined this lodge, as have many other deputies at the WCSO. It is admitted that Baker and Patrick were colleagues and friends while both were employed at the WCSO. Except as expressly admitted herein, the allegations contained in Paragraph 28 of Plaintiffs' Complaint are denied.

29. It is admitted that Sheriff Baker, Patrick and various multiple other WCSO deputies have taken approximately 3 trips together to the Dominican Republic. All other allegations contained in Paragraph 29 of Plaintiffs' Complaint are expressly denied.

30. The allegations contained in Paragraph 30 of Plaintiffs' Complaint are denied.

31. It is admitted that at some point after his demotion, Patrick informed Baker that he had been demoted. Except as expressly admitted herein, the remaining allegations contained in Paragraph 31 of Plaintiffs' Complaint are denied.

32. It is admitted that Sheriff Baker named Patrick to his transition team after his successful election. It is further admitted that there were additional persons on the transition team in addition to Patrick. All other allegations contained in Paragraph 32 of Plaintiffs' Complaint are expressly denied.

33. It is admitted that Patrick was promoted by Sheriff Baker and that at the time of his retirement, Patrick held the title of Major. Except as expressly admitted herein, the allegations contained in Paragraph 33 of Plaintiffs' Complaint are denied.

34. It is admitted that Terry Green ("Green") informed Johnson that he would not be re-sworn under Baker's administration. It is further admitted that after the election, Johnson retired from the WCSO for the third time. Except as expressly admitted herein, the allegations contained in Paragraph 34 of Plaintiffs' Complaint are denied.

35. It is admitted that Baker did not offer either Johnson or Sam Lapsley ("Lapsley") the opportunity to be resworn. Except as expressly admitted herein, the allegations in Paragraph 35 of Plaintiffs' Complaint are denied.

36. It is admitted that Plaintiffs were re-sworn under Baker's administration on December 3, 2018. Except as expressly admitted herein, the allegations contained in Paragraph 36 of Plaintiffs' Complaint are denied.

37. It is admitted that Baker terminated Plaintiffs on December 21, 2018. It is further admitted that Plaintiffs were informed that their "services were no longer needed." Except as expressly admitted herein, the allegations in Paragraph 37 of the Plaintiffs' Complaint are denied.

38. It is admitted that Speight and Williamson were terminated by Baker in December 2018. It is further admitted that numerous employees left, resigned or were terminated from WCSO after Baker took office. Except as expressly admitted herein, the allegations in Paragraph 38 of Plaintiffs' Complaint are denied.

39. The allegations contained in Paragraph 39 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 39 of Plaintiffs' Complaint are expressly denied.

40. It is admitted that D.S. was requested to and made statements in connection with the internal investigation. Except as expressly admitted herein, the allegations contained in Paragraph 40 of Plaintiffs' Complaint are denied.

41. Defendant is without knowledge sufficient to form a belief regarding the truth or falsity of the allegations contained in Paragraph 41 of the Complaint and thus cannot admit to the truth or falsity of the statements contained herein. The allegations contained in Paragraph 41 of Plaintiffs' Complaint are therefore denied.

42. It is admitted that Karen Wallace ("Wallace") was a member of Sheriff Baker's transition team. The remaining allegations contained in Paragraph 42 of Plaintiffs' Complaint are denied as stated. It is expressly denied that there was any discussion of or about Plaintiffs or Johnson between Harrison and Wallace.

43. The allegations contained in Paragraph 43 of Plaintiffs' Complaint are denied, upon information and belief.

44. The Defendant is without information sufficient to form a belief regarding the truth or falsity of the allegations contained in Paragraph 44 of Plaintiffs' Complaint, and thus cannot admit to the truth or falsity of the statements contained herein. The allegations contained in Paragraph 44 of Plaintiffs' Complaint are therefore denied.

45. Defendant is without information sufficient to form a belief regarding the truth or falsity of the allegations contained in Paragraph 45 of Plaintiffs' Complaint and thus cannot admit to the truth or falsity of the statements contained herein. The allegations contained in Paragraph 45 of Plaintiffs' Complaint are therefore denied.

## FIRST CLAIM FOR RELIEF

Title VII -- Retaliation

46. Defendant realleges and incorporates herein by reference, his answers to Paragraphs 1 – 45 of Plaintiffs' Complaint as though fully set forth herein.

47. The allegations contained in Paragraph 47 of Plaintiffs' Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 47 of Plaintiffs' Complaint are denied.

48. The allegations contained in Paragraph 48 of Plaintiffs' Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 48 of Plaintiffs' Complaint are denied.

49. The allegations contained in Paragraph 49 of Plaintiffs' Complaint are denied.

50. The allegations contained in Paragraph 50 of Plaintiffs' Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 50 of Plaintiffs' Complaint are denied.

51. The allegations contained in Paragraph 51 of Plaintiffs' Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 51 of Plaintiffs' Complaint are denied.

**EACH AND EVERY ALLEGATION CONTAINED IN PLAINTIFFS' COMPLAINT, INCLUDING THE PRAYER FOR RELIEF, NOT SPECIFICALLY ADMITTED HEREIN, IS DENIED.**

## SECOND DEFENSE

Defendant has not deprived Plaintiffs of any rights protected by Title VII.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any actions taken with respect to Plaintiffs were based upon legitimate, non-discriminatory, non-retaliatory reasons unrelated to any purported protected activity. Similarly, Plaintiffs' purported protected activity was not a

motivating, determining or substantial factor in the decision to terminate Plaintiffs for employment with Defendant.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent each Plaintiff has failed to exhaust administrative remedies and/or to comply with the statutory pre-requisites to bringing this action and, as a result, this Court lacks subject matter jurisdiction over Plaintiffs' Title VII claim against Defendant.

## FIFTH DEFENSE

Plaintiffs' claims under Title VII alleged are barred to the extent that Plaintiffs seek to recover for events or circumstances which were outside the scope and/or not the subject of their respective EEOC Charge.

## SIXTH DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted as to all or part of the allegations in Plaintiffs' Complaint.

## SEVENTH DEFENSE

Plaintiffs have not suffered any legally cognizable injury or damage

## EIGHTH DEFENSE

Defendant's actions were required by business necessity and were based on factors other than any protected activities of Plaintiffs.

## NINTH DEFENSE

Alternatively, any injuries or damages allegedly suffered by Plaintiffs, which are denied, were the direct and proximate result of Plaintiffs' own conduct. As a result, the employment action of which Plaintiffs complain occurred solely as a result of his own actions.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the doctrines of unclean hands, equitable estoppel, waiver, ratification and/or laches are applicable to the facts alleged.

## ELEVENTH DEFENSE

The actions referenced in Plaintiffs' Complaint were valid, lawful, well supported by the evidence and sufficient to warrant any actions taken by Defendant.

## TWELFTH DEFENSE

In the alternative, Plaintiffs' claim against Defendant and/or claims for damages against Defendant are barred, in whole or in part, by the doctrine of after-acquired evidence.

## THIRTEENTH DEFENSE

In the alternative, even if Plaintiffs were subjected to unlawful conduct based on protected activity, which is expressly denied, Defendant exercised reasonable care to prevent and correct the actions which support Plaintiffs' claim, and Plaintiffs unreasonably failed to take advantage of Defendant's preventative or corrective opportunities to otherwise avoid harm. Thus, any damages that Plaintiffs suffered were the direct and proximate result of his own actions or inactions.

## FOURTEENTH DEFENSE

In the alternative, Defendant pleads, upon information and belief, that Plaintiffs failed to exercise reasonable diligence and ordinary care to minimize their damages, and Defendant

12

therefore pleads the doctrine of avoidable consequences and the defense of failure to mitigate damages, in whole or in part, Plaintiffs' claim against Defendant.

**FIFTEENTH DEFENSE**

To the extent Plaintiffs seek punitive damages, any claim for punitive damages by Plaintiffs is in violation of the Constitution of North Carolina and the United States in that it seeks to deprive Defendant of property without due process of law, in that it violates the Constitutions' provisions concerning equal protection and in that it violates the Constitutions' prohibition of the imposition of excessive fines.

**SIXTEENTH DEFENSE**

To the extent Plaintiffs seeks punitive damages, any claims for punitive damages by Plaintiffs are barred in whole or in part by the limitations on punitive damages set out in N.C. Gen. Stat. § 1D-1, *et seq.*

**SEVENTEENTH DEFENSE**

To the extent Plaintiffs seek punitive damages, Plaintiffs' claim for punitive damages against Defendant fails to state a claim upon which relief may be granted because punitive damages are not available against a governmental defendant.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are barred because Defendant did not subject Plaintiffs to any form of unlawful or improper discrimination or retaliation.

**NINETEENTH DEFENSE**

Plaintiffs cannot establish that "but for" engaging in any alleged protected activity, they would not have suffered the adverse action about which they complain.

13

Case 5:21-cv-00160-M   Document 13   Filed 06/14/21   Page 13 of 17

## TWENTIETH DEFENSE

Defendant pleads any and all applicable immunities, including governmental, official or otherwise in defense of Plaintiffs' claims.

## TWENTY-FIRST DEFENSE

Defendant's decision to separate Plaintiffs' employment was consistent with and in accordance with the lawful discretion afforded to Defendant to select his own deputies as clearly recognized under applicable law.

## ADDITIONAL DEFENSES

Defendant reserves the right to amend his Answer, to assert additional affirmative defenses and/or to bring in third parties as Plaintiffs' claims are more fully disclosed during the course of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, having answered each and every allegation contained in Plaintiffs' Complaint, Defendant makes the following prayer for relief:

1. That Plaintiffs have and recover nothing by way of their Complaint.
2. That the costs of this matter be taxed to Plaintiffs, including attorneys' fees;
3. For a trial by jury of all issues of fact so triable; and
4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted, this the 14th day of June, 2021.

JACKSON LEWIS P.C.

BY:     */s/  M. Robin Davis*
        M. ROBIN DAVIS
        N. C. State Bar No. 21655
        *Attorney for Defendant*
        3737 Glenwood Avenue, Suite 450
        Raleigh, NC 27612
        Telephone:  (919) 760-6460
        Facsimile:   (919) 760-6461
        Email: Robin.Davis@jacksonlewis.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:21-cv-00160-M

| | |
|---|---|
| STEVEN R. WILLIAMSON and ALVIS G. SPEIGHT, <br><br>Plaintiffs, <br><br>vs. <br><br>GERALD BAKER, SHERIFF OF WAKE COUNTY, in his official capacity, <br><br>Defendant. | **CERTIFICATE OF SERVICE** |

The undersigned certifies that on June 14, 2021, the foregoing *Defendant Gerald Baker, Sheriff of Wake County's Answer to Plaintiff's' Complaint and Affirmative Defenses* was electronically filed with the Clerk of the Court, using the Court's CM/ECF electronic service system, which will send notification of such filing as follows:

Richard T. Gammon
Joseph E. Zeszotarski, Jr.
Gammon, Howard & Zeszotarski, PLLC
Post Office Box 1127
Raleigh, NC 27602
rgammon@ghz-law.com
jzeszotarski@ghz-law.com
*Attorney for Plaintiff*

16

JACKSON LEWIS P.C.

BY: */s/ M. Robin Davis*
M. ROBIN DAVIS
N. C. State Bar No. 21655
*Attorney for Defendant*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6460
Facsimile: (919) 760-6461
Email: Robin.Davis@jacksonlewis.com

4825-2604-1324, v. 1