UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:21-CV-160-M

STEVEN R. WILLIAMSON and ALVIS G. SPEIGHT,

    Plaintiffs,

v.

GERALD BAKER, SHERIFF OF WAKE COUNTY, in his official capacity,

    Defendant.

**REPORT OF THE PARTIES' PLANNING MEETING AND JOINT PROPOSED DISCOVERY PLAN**

**I.**     **Rule 26(f) Conference.** Pursuant to Fed. R. Civ. P. 26(b) Joseph E. Zeszotarski, Jr., counsel for Plaintiffs, and M. Robin Davis, counsel for Defendant have met, consulted and agree as follows.

**II.**     **Initial Disclosures.** The parties shall exchange on or before 15 September 2021, the information required by Fed. R. Civ. P. 26(a)(1).

**III.**     **Nature and Complexity of Case.** This matter involves allegations of retaliatory discharge in violation of federal law, thereby providing jurisdiction for this matter in this Court. Plaintiffs allege that they were discharged in retaliation for conduct protected by Title VII. Defendant denies the allegations of the complaint. Plaintiffs seek recovery of damages, as well as recovery of attorneys' fees, costs and interest.

**IV.**     **Discovery Plan.** The parties propose the following discovery plan:

    **a.**     **Scope of Discovery.** The Parties agree that discovery shall be limited to: the factual and legal issues raised in Plaintiffs' Complaint and Defendant's Answer; the alleged damages sought by Plaintiffs and any efforts to mitigate those damages; Defendant's affirmative defenses as set forth in its Answer to Complaint and any other defenses that may become applicable during discovery;

any expert disclosures; and all other matters relevant to the parties' claims and defenses which are proportional to the needs of the case pursuant to Rule 26(b).

    b.  **Electronically Stored Information.** At this point, the parties are not aware of the full extent of relevant information that may be stored electronically but do not presently anticipate the need for extensive discovery of electronically stored information. The parties have identified the following potential sources of electronically stored evidence that may be relevant to the claims or defenses at issue: (1) electronic mail (including electronic attachments) sent to and/or from parties relating to the incidents set forth in the complaint; (2) any electronically stored information including but not limited to text messages, photographs, instant messaging, and social networking communications, relating or pertaining to the facts alleged in the Complaint; (3) documents and other records stored by the Plaintiffs or Sheriff Baker on their respective personal computer(s), phone(s), PDA(s) or other devices relating to the facts alleged in the Complaint; and (4) any other electronically stored information that becomes evident or known during the discovery period which would fall within the scope of Fed. R. Civ. P. 26 for discovery purposes, provided it is relevant and proportional to the needs of this case.

  The parties have agreed to the following with regard to such electronically stored information:

  1. **<u>Identification and Retention</u>**: The parties agree that they will undertake a good faith effort to identify relevant electronically stored information and will preserve any such information identified, provided that Defendant will not be required to deviate from the record retention requirements mandated by state and federal law (and/or its normal records retention policies to the extent any retention policy differs from state or federal regulations/guidelines) with respect to electronically stored information or other records which have not been previously specifically identified by the parties as

relevant to this action.

2. **Format:** Discoverable electronically stored information will be produced in either searchable PDF format or in native format unless otherwise agreed that another format would best facilitate production and lower costs related to the production and review of the documents.

3. **Metadata:** Because the majority of metadata is unusable and of little value and the time required to review the metadata makes its production cost-prohibitive, the Parties will only produce metadata upon specific request related to specifically enumerated documents after review of the documents/copies initially produced. To the extent requested, metadata will be initially limited to metadata that is visible to the user. Parties may request the production of additional metadata that is not visible to the user upon determination of the need for and relevance of such data. Under such circumstances, the Parties will negotiate in good faith with regard to whether the production of such metadata is reasonably required and, if so, who should bear the cost, with the Court to resolve such disputes if agreement cannot be reached.

4. **Cost allocation:** If the electronically stored information sought is not readily obtainable or its production would be unduly burdensome, the parties agree that either party seeking discovery of the information may request that the Court enter an order allowing discovery of such information at the expense of the party seeking the discovery.

c. **Inadvertent production of privileged materials ("clawback agreement") confidentiality concerns:** The parties have discussed certain issues related to claims of privilege and protection of trial-preparation material and have agreed upon a procedure to assert such claims after

an inadvertent production of privileged or trial-preparation materials. The parties agree that an inadvertent disclosure of privileged or trial-preparation materials (absent a clear indication of the intent to waive such privilege or protection), including but not limited to metadata and other such information, shall not be deemed a waiver or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly identifies any such documents and/or metadata mistakenly produced after discovery of the inadvertent production. This shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The parties further agree that, upon request, any such mistakenly produced documents/metadata shall be returned. In the event of a dispute over use of any privileged materials, the receiving party must sequester or destroy all copies, and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

    **d.** **Confidential Information**. The parties have discussed certain issues relating to the disclosure of documents and information which may be confidential information, including but not limited to personnel information and other information deemed confidential by applicable law, and anticipate that the parties will file a mutually-agreeable protective order pursuant to Fed. R. Civ. P. 26(c), Local Rule 79.2 and which shall be compliant with *Hall v. United Airlines. Inc.,* 296 F. Supp. 2d 652,678-80 (E.D.N.C. 2003), Local Civil Rule 79.2, this Court's Electronic Case Filing Administrative Policies and Procedures Manual, and other EDNC and Fourth Circuit precedent.

    **e.** **Discovery Deadline**. All discovery should be commenced in time to be completed by 15 March 2022.

f.  **Discovery Limits**.  The Parties agree to the following limits on discovery as set forth in this proposed plan.

1.  **<u>Interrogatories</u>**.  The parties are allowed a maximum of 25 interrogatories to each of the other parties, including subparts, subject to leave to amend upon good cause shown pursuant to Rule 33(a)(2).  Responses to interrogatories will be due within 30 days after being served unless otherwise agreed.

2.  **<u>Admissions</u>**.  The parties are allowed a maximum of 25 admissions to each of the other parties.  Responses to admissions will be due within 30 days after being served unless otherwise agreed.

3.  **<u>Request for Production of Documents</u>**.  The parties are allowed a maximum of 25 requests for production of documents to each of the other parties. Document productions will be due within 30 days after being served unless otherwise agreed.

4.  **<u>Depositions</u>**. Plaintiffs (collectively) and Defendant may take up to ten (10) depositions each – i.e. Plaintiffs jointly shall be permitted ten (10) depositions, and Defendant shall be permitted ten (10) depositions.  Each deposition will not exceed seven (7) hours in accordance with Rule 30(d)(1), unless extended by agreement of the parties. In order to avoid redundancies and inefficiency, the parties agree that the deposition testimony taken in *Johnson v. Baker*, EDNC No. 5:20-CV-4-D, may be used in this matter, to the extent relevant and otherwise not objectionable.  Plaintiffs expressly agree that no objection to the use of any deposition taken in *Johnson v. Baker*, EDNC No. 5:20-CV-4-D will be made solely on the basis of Fed. R. Civ. Proc. 32(a)(1)(A).

g.  **Expert Reports**. Reports from retained experts under Rule 26(a)(2) are due as follows:

1.  from Plaintiffs by 30 October 2021;

2. from Defendant by 30 November 2021;

3. rebuttals by 4 January 2022.

h. **De Benne Esse Depositions**. The parties agree that De Benne Esse trial depositions may be taken outside the discovery period provided that: (1) the deponent will be unavailable for trial for one of the reasons set forth in Rule 32(a)(3); (2) the deposition can be scheduled at least 14 days prior to the final pretrial conference; (3) the deponent has been previously disclosed to the opposing party during discovery (or exigent circumstances exist); (4) the party taking the deposition bears the cost of the deposition; and (5) no substantial and irremediable prejudice will result to an adverse party on account of the taking of the deposition.

i. **Supplementation**. Supplementations under Rule 26(e) are due from each party at 30 days prior to the close of discovery, and on the 1st of each month thereafter.

**V.** **Other Matters.**

a. **Initial Conference**: The parties do not request a conference with the Court prior to entry of the scheduling order.

b. **Pretrial Conference**: The parties request a pretrial conference with the Court 30 days prior to the scheduled trial.

c. **Joinder and Amended Pleadings**: Plaintiffs will have until 30 September 2021 to join additional parties and to amend the pleadings. The Defendant will have until 30 October 2021 to join additional parties and to amend the pleadings.

d. **Dispositive Motions**: All dispositive motions are to be filed by 15 April 2022.

e. **Settlement Discussions**: Settlement cannot be evaluated at this time. Settlement may be enhanced by use of a private mediator prior to the end of the discovery period. The parties will

mutually select a mediator on or before 30 September 2021 and propose a mediation deadline of no later than the close of discovery.

  f. **Witness and Exhibit Lists**: Final lists of witnesses and exhibits under Rule 26(a)(3) are due from Plaintiffs 45 days before trial and from Defendant 30 days before trial. The parties will have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

  g. **Trial Date**: The case should be ready for trial by 90 days after the Court rules on any dispositive motions filed after the close of discovery or by 30 September, 2022, whichever date is later. It is expected that trial will take approximately 3-4 days.

  h. **Motions in Limine**: Unless otherwise ordered by the Court, the parties propose that all Motions in Limine shall be filed no later than 14 days prior to the pretrial conference. Unless otherwise ordered by the Court, responses to Motions in Limine shall be filed no later than 7 days prior to the pretrial conference.

  i. **Local Rule 72.2 Statement**: The parties do not consent to the trial of this matter being conducted before a United States Magistrate Judge.

This the 12th day of August, 2021.

| GAMMON, HOWARD & ZESZOTARSKI, PLLC | JACKSON LEWIS P.C. |
|---|---|
| **/s/ Joseph E. Zeszotarski, Jr.**<br>Joseph E. Zeszotarski, Jr.<br>N.C. State Bar No. 21310<br>P.O. Box 1127<br>Raleigh, NC 27602<br>(919) 521-5878<br>jzeszotarski@ghz-law.com<br>Counsel for Plaintiffs | **/s/ M. Robin Davis**<br>M. Robin Davis<br>N.C. State Bar No. 21655<br>3737 Glenwood Ave., Suite 450<br>Raleigh, NC 27612<br>(919) 760-6460<br>Robin.Davis@jacksonlewis.com<br><br>**/s/ Denaa J. Griffin**<br>Denaa J. Griffin<br>N.C. State Bar No. 46067<br>3737 Glenwood Ave., Suite 450<br>Raleigh, NC 27612<br>(919) 760-6460<br>Denaa.Griffin@jacksonlewis.com<br>Counsel for Defendant |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:21-CV-160-M

| | |
|---|---|
| STEVEN R. WILLIAMSON and ALVIS G. SPEIGHT,<br><br>Plaintiffs,<br><br>v.<br><br>GERALD BAKER, SHERIFF OF WAKE COUNTY, in his official capacity,<br><br>Defendant. | **CERTIFICATE OF SERVICE** |

The undersigned certifies that on August 12th, 2021, the foregoing *Report of the Parties Planning Meeting and Joint Proposed Discovery Plan* was electronically filed with the Clerk of the Court, using the Court's CM/ECF electronic service system, which will send notification of such filing as follows:

**GAMMON, HOWARD & ZESZOTARSKI, PLLC**
Joseph E. Zeszotarski, Jr.
P.O. Box 1127
Raleigh, NC 27602
jzeszotarski@ghz-law.com
Counsel for Plaintiffs

This the 12th day of August, 2021.

**JACKSON LEWIS P.C.**

**/s/ M. Robin Davis**
M. Robin Davis
N.C. State Bar No. 21655
Robin.Davis@jacksonlewis.com

4847-7687-9350, v. 1